IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

LARRY KING                                                                                   PETITIONER

VS.                             CASE NO. 5:07CV00096 JLH/HDY

LARRY NORRIS, Director of the
Arkansas Department of Correction                                       RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at

the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

## DISPOSITION

Now before the Court is the application for writ of habeas corpus pursuant to 28 U.S.C. §2254 of Larry King, an inmate in the custody of the Arkansas Department of Correction (ADC) as a result of his guilty plea in 2000 entered in Pulaski County Circuit Court on the charge of delivery of a controlled substance. Petitioner was sentenced to 132 months of imprisonment. Having entered a guilty plea, a direct appeal of his conviction was unavailable. Petitioner subsequently filed a state court petition for habeas corpus in June of 2005. The circuit court denied relief, and the Arkansas Supreme Court, on November 3, 2005, dismissed the appeal. In 2005 Mr. King filed a petition for writ of habeas corpus with this Court alleging that his parole date had already passed and that he was being subjected to cruel and unusual punishment and being denied due process as a result of his continued incarceration. *See King v. Norris*, Case No. 5:05CV00106. This Court dismissed Mr. King's petition without prejudice, noting that Mr. King had available state court remedies, such as an application for writ of mandamus or declaratory judgment. Judgment was entered in the case on June 13, 2005.

In the petitioner now before the Court Mr. King advances the precise claim advanced in Case No. 5:05CV00106. There is no indication that Mr. King has sought any relief in state court on his claim that the respondent has incorrectly computed his parole date.

The following quotation is taken from the Finding and Recommendation dated May 17, 2005,

in Mr. King's previous habeas corpus case:

> Questions of available state remedies require this Court to look to the provisions of 28 U.S.C. 2254(b) and (c). These subsections codify the doctrine of comity by requiring the exhaustion of state remedies prior to bringing federal habeas corpus claims. *Lenza v. Wyrick*, 665 F.2d 804 (8th Cir. l98l). This exhaustion requirement is necessary in order to afford the state courts the opportunity to correct any constitutional errors before federal courts intervene. *Id.* However, this requirement will not be construed so as to require the filing of repetitious or futile applications for relief in state court. *Powell v. Wyrick*, 62l F.2d 92l, 923 (8th Cir. l980). In addition, a federal court should defer action only "if there is some reasonable probability that the relief which the petitioner seeks will actually be available to him." *Powell v. Wyrick*, 657 F.2d at 224. Consequently, we must determine whether the petitioner has an available state remedy.
>
> The respondent also contends the petitioner could pursue an application for writ of mandamus or declaratory judgment in state court. The request for declaratory relief and writ of mandamus is a procedure whereby the petitioner may challenge the execution and computation of his sentence. In *Michalek v. Lockhart*, 292 Ark. 301, 730 S.W.2d 210 (1998), an inmate utilized this procedure to challenge his classification for parole purposes. This procedure has been used by other inmates in similar circumstances. *St. John v. Lockhart*, 286 Ark. 234, 691 S.W.2d 148 (1985); *Bargo v. Lockhart*, 279 Ark. 180, 650 S.W.2d 227 (1983). In *Gilmer v. Massey*, 303 Ark. 634 (1990), a petitioner utilized this procedure to challenge his parole eligibility date, and in *Morris v. State*, 333 Ark. 466 (1998), a petitioner challenged the recalculation of his parole eligibility date. Mr. King's claim that the state has failed to properly calculate and execute his parole date would appear to be cognizable in state court.
>
> If a state procedure is available, it cannot be said that the exhaustion requirement of 28 U.S.C. §2254 has been satisfied. This is precisely the situation at bar. Mr. King can challenge the calculation of his parole date in state court by filing for declaratory relief and writ of mandamus. He has not filed such an action raising this ground for relief.
>
> As a result of the foregoing, we recommend that the petition for writ of habeas corpus be dismissed without prejudice to allow the petitioner to pursue relief in state court.

The foregoing analysis continues to apply to Mr. King's claim that he should be released. As a result, we recommend that the petition for writ of habeas corpus be dismissed without prejudice to allow the petitioner to pursue relief in state court.

IT IS SO ORDERED this __6__ day of June, 2007.

_____
UNITED STATES MAGISTRATE JUDGE